## Jones v. Dalton.

(Decided June 16, 1925.)

### Appeal from McCracken Circuit Court.

1. Contracts—Evidence Held Sufficient to Show Contract for Building New Store Front.—Evidence held sufficient to warrant finding that contract was to furnish material and labor necessary to install new store front at cost plus 10 per cent.
2. Trial—Instruction, Presenting Defendant's Affirmative Contention, Must be Requested.—To predicate error on failure to instruct on defendant's affirmative contention, such instruction must be offered.
3. Judgment—Clerical Misprision of Judgment May be Corrected on Motion.—Where by clerical misprision judgment was entered for greater sum than verdict, it could be corrected by motion below.

MOCQUOT & BERRY for appellants.

WHEELER & HUGHES for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Affirming.

Appellee, as plaintiff below, sued appellants to recover $1,092.55, the amount alleged to be due him by them under a contract between them whereby he furnished the labor and material and put in for appellants a new store front in a business house occupied by them. The answered denied the allegations of the petition and affirmatively pleaded that appellants had contracted with one D. H. Jamison to furnish the material and labor

and put in the store front for them at the contract price of $450.00; and that any labor or material performed or furnished by appellee was for Jamison and not for them. The affirmative allegations of the answer were denied by reply. On the issue thus made a trial before a jury resulted in a verdict for appellee. Appellants' motion and grounds for a new trial were overruled and they have appealed.

It is insisted for appellants that the verdict is not sustained by the evidence and is contrary to law. It is argued for appellants that the cause of action is founded upon an express contract and that the evidence introduced for appellee is not sufficient to establish that an express contract was made. We find, however, from the record that appellee and Jamison, a witness who testified for him, both testified that a contract was made between him and the appellants by which he agreed to furnish all the material and labor necessary to install the new store front and by which appellants agreed to pay for so doing the cost of the material and labor plus ten per cent. The appellants for themselves denied having made a contract with appellee Dalton; and testified that they contracted with Jamison to furnish the material and labor and install the new store front for $450.00. Jamison denied that such a contract was made. The proof without contradiction established that if appellee's version of the contract was correct there was due him under it $989.64. The court gave the jury the following instruction offered by appellee:

"The court instucts the jury if you believe from the evidence that the defendants entered into a contract with the plaintiff Dalton whereby it was agreed that Dalton was to furnish all material and do all the work in the altering and repairing of the storehouse mentioned to you in the evidence and that the defendants were to pay him the amount expended for labor and material and ten per cent for his services in overseeing and directing the alterations and in purchasing and furnishing the material, then the law is for the plaintiff and you will find for him the sum of $989.64, but unless you shall so believe you will find for the defendants."

Appellants objected to the instruction given but offered no instructions. Under the pleading and proof the instruction given was clearly authorized and it cor-

rectly submitted the issue between the parties on appellee's cause of action. If appellants desired an instruction submitting their contention that they had contracted with Jamison for the installation of the store front at $450.00, it was incumbent upon them to offer it, and the trial court was not in error in not giving it since it was not offered. The pleadings and testimony having authorized the instruction given and it being free from error, it follows that the judgment appealed from must be affirmed. By clerical misprision judgment·was entered for $1,092.55 when the verdict was for $989.64. Correction may be had by motion below.

Judgment affirmed.